<u>NOT FOR PUBLICATION</u>                                    (Doc. Nos. 15, 17)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

_____
                                    :
JOSEPH WELSH                        :
                                    :
                   Plaintiff,       :      Civil No. 12-7593 (RBK/AMD)
                                    :
              v.                    :      **OPINION**
                                    :
MCCOLLISTER'S TRANSPORTATION        :
GROUP, INC. and PETER BERGIN,       :
jointly and severally,              :
                                    :
                   Defendants.      :
_____    :

**KUGLER**, United States District Judge:

This matter comes before the Court on Plaintiff Joseph Welsh's motion for leave to file an amended complaint, (Doc. No. 15), and on McCollister's Transportation Group, Inc. and Peter Bergin's cross-motion to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted.  For the reasons stated below, Plaintiff's motion is **DENIED WITHOUT PREJUDICE** and Defendants' motion is **DISMISSED AS MOOT**.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff's suit arises out of his allegedly unlawful termination from the employment of Defendant McCollister's Transportation Group, Inc. ("McCollister").

In May 1979, Plaintiff was hired by McCollister as a truck driver.  (Compl. ¶ 4.)  In August of 2005, Plaintiff was promoted to Driver Training Supervisor.  (<u>Id.</u> ¶ 5.)  In that same year, Plaintiff's youngest three daughters were covered under McCollister's health insurance

plan.  (Id. ¶ 7.)  McCollister is a self-insuring company for employee health benefits and uses

Horizon Blue Cross Blue Shield of New Jersey to administer the company's health insurance

plan.  (Id. ¶ 3.)

One of Plaintiff's daughters, Kylynn Welsh, suffers from Pediatric Psoriasis, Multiple

Hereditary Exostoses, and Hereditary Angioedema ("HAE"), a rare blood disorder.  (Id. ¶ 8.)  In

October 2008, the FDA approved a C1 inhibitor to combat the symptoms of Kylynn's HAE.

(Id.)  Kylynn received this treatment on a compassionate basis with the assistance of the U.S.

Hereditary Angioedema Association.  (Id. ¶ 9.)

In February 2009, Horizon Blue Cross Blue Shield began covering Kylynn's medication.

(Id.)  Because McCollister was a self-insuring company, it became responsible for paying for this

treatment.  (Id.)  In 2009, McCollister paid approximately $650,000 for Kylynn's medication.

(Id.)  In 2012, the cost of Kylynn's treatment increased to approximately $840,000.  (Id.)  As of

May 2012, CVS Caremark informed McCollister that it was liable for $70,000 of Kylynn's back

medical bills.  (Id. ¶ 12.)  That following July, McCollister and Defendant Peter Bergin

("Bergin"), McCollister's Vice President of Human Resources, terminated Plaintiff's

employment.  (Id. ¶ 14.)

On October 23, 2012, Plaintiff filed suit in the Superior Court of New Jersey, Burlington

County, alleging that McCollister intentionally retaliated against Plaintiff for his association with

his daughter, Kylynn, a person defined as a disabled person under New Jersey state law.  (Id. ¶

18.)  Plaintiff alleged that McCollister's acts were in violation of the New Jersey Law Against

Discrimination ("NJLAD"), and in violation of a clear mandate of public policy.  (Id.)

On December 12, 2012, McCollister and Bergin filed a notice of removal pursuant to 28

U.S.C. § 1446(b) stating that this Court had original jurisdiction pursuant to 28 U.S.C. § 1331

and 28 U.S.C. § 1441.  (Doc. No. 1.)  In their notice, Defendants alleged, among other things, that although Plaintiff brought suit under the NJLAD, while also alleging a violation of a clear mandate of public policy, his factual allegations more closely approximated a cause of action under section 510 of the Employee Retirement Income Security Act of 1974 ("ERISA"), and thus was properly before this Court.  (Id.)

On June 21, 2013, Plaintiff filed a motion for leave to file an amended complaint to which he attached his proposed Amended Complaint (the "proposed Amended Complaint"). (Doc. No. 15.)  In this proposed Amended Complaint, Plaintiff alleged new causes of action under the Americans with Disabilities Act (the "ADA"), and Title VII of the Civil Rights Act ("Title VII").  (Id.)  Plaintiff retained his state law causes of action.  (Id.)

On July 3, 2013, Defendants filed a cross-motion to dismiss Plaintiff's Complaint as well as an opposition to Plaintiff's motion for leave to file an amended complaint.  (Doc. No. 17.) Plaintiff then filed a reply memorandum in response to Defendants' cross-motion and opposition, attaching, as an exhibit, a revised proposed Amended Complaint (the "revised proposed Amended Complaint").  (Doc. No. 19.)  In this revised proposed Amended Complaint, Plaintiff seeks to add a new cause of action under sections 502(a) and 514(a) of ERISA.  (Id.)  He also seeks to add Kylynn Welsh as a plaintiff.  (Id.)  Notably, although Plaintiff still alleges a cause of action under the ADA, he omits his prior claims under the NJLAD and Title VII, as well as his claim that Defendants violated a clear mandate of public policy.  (Id.)

After Plaintiff filed his reply memorandum, the parties then filed additional letters and reply briefs discussing, among other things, the propriety of Plaintiff's attempt to revise his proposed Amended Complaint via exhibit.

The Court will now turn to Plaintiff's motion.

## II.     DISCUSSION & ANALYSIS

Under the Federal Rules of Civil Procedure, leave to amend pleadings shall be "freely give[n]" when "justice so requires."  Fed. R. Civ. P. 15(a)(2).  In <u>Foman v. Davis</u>, 371 U.S. 178 (1962), the Supreme Court articulated the liberal policy of allowing amendments underlying Rule 15(a) as follows:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.  In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

<u>Id.</u> at 182; <u>see also</u> <u>Shane v. Fauver</u>, 213 F.3d 113, 115 (3d Cir. 2000).

Here, Plaintiff moved to amend his Complaint in order to add federal causes of action under Title VII and the ADA.  (Doc. No. 15, Pl.'s Br. 1-2.)  Plaintiff states that he was unable to bring these causes of action in state court because, at the time, he had yet to file a Charge of Discrimination with the Equal Employment Opportunity Commission and receive a Right to Sue Letter.  (<u>Id.</u> 2.)  Plaintiff argues that if he must be in federal court due to Defendants' removal, then he should be permitted to proceed on all relevant federal causes of action.  (<u>Id.</u>)

Defendants counter that Plaintiff's proposed amendments are futile and thus leave to amend should be denied.  First, Defendants point out that Plaintiff's proposed Amended Complaint fails to include any additional facts.  Second, they note that Plaintiff has still failed to plead an ERISA cause of action, even though that is his sole option for relief.  (Doc. No. 16, Defs.' Br. 4-7.)  Third, Defendants argue that because Plaintiff's sole option for relief is a cause of action under ERISA, his state law claims are preempted.  (<u>Id.</u> (citing <u>Wood v. Prudential Ins. Co.</u>, 207 F.3d 674, 679 (3d Cir. 2000)).  Fourth, Defendants argue that Plaintiff has failed to state

a cause of action under Title VII because "Title VII only protects against employment discrimination on the basis of sex, race, religion, and national origin[, and] [n]one of these theories of discrimination are factually asserted in the proposed Amended Complaint." (Id. 7 n.2.)  Finally, Defendants argue that Plaintiff has failed to state a cause of action under the ADA. (Id. 6-7.)

As discussed above, although Plaintiff moved only once to amend his Complaint, he has since filed a revised proposed Amended Complaint.  (Doc. No. 19.)  The Court notes that Plaintiff filed this revised proposed Amended Complaint without seeking leave of Court and that Defendants have objected, on more than one occasion, to the appropriateness of this filing.

In his revised proposed Amended Complaint, it appears that Plaintiff seeks to cure several pleading deficiencies identified by Defendants in their opposition and cross-motion to dismiss.  Illustratively, regardless of whether Plaintiff agreed with Defendants arguments as to futility, he seems to be abandoning his Title VII and state law causes of action.[1]

Accordingly, because Plaintiff has demonstrated a desire to proceed in a different direction from that set forth in his motion for leave to amend, the Court will deny Plaintiff's motion without prejudice and allow him to refile.  The Court cautions Plaintiff, however, that if he refiles, he must include with his motion the final version of whatever proposed amendments he intends to pursue.  Any additional attempts to amend will be viewed unfavorably.

In light of the Court's decision on Plaintiff's motion, and the fact that much of Defendants' cross-motion to dismiss is rendered moot due to Plaintiff's actions, the Court will dismiss Defendant's cross-motion.

---

[1]  Although it appears that Plaintiff retained his ADA cause of action in his revised proposed Amended Complaint, the Court declines to determine the viability of certain of Plaintiff's claims on a piecemeal basis.

5

**III.     CONCLUSION**

For the reasons stated above, Plaintiff's motion is **DENIED WITHOUT PREJUDICE**

and Defendants' motion is **DISMISSED AS MOOT**.  An appropriate order will issue today.


Dated:   2/20/2014                                                    /s/ Robert B. Kugler
                                                                              ROBERT B. KUGLER
                                                                              United States District Judge